Clark v. McComman, 7 W. & S. 469; Furst v. Ayres, 2 W. N. 722; Searfoos v. Davenport, 4 Kulp, 426, and cases cited by court below.

PER CURIAM, January 3, 1893:

We think the court below was right in entering judgment for want of a sufficient affidavit of defence. The magistrate had the right to take the recognizance, and the short entry of "Recognizance forfeited, May 5, 1891," is conclusive in this case that the defendant and the bail were called and did not appear.

Judgment affirmed.

## Elmendorf, Trustee, *v.* Whitney, Appellant.

*Principal and surety—Guaranty—Contract for maintenance—Liability continuing after death.*

A husband agreed to pay to his wife's brother fifty dollars a month in trust for the care and support of his wife during her natural life. Defendant guaranteed the payment "of the said several installments at the time and times when the same become due." The husband died, and suit was brought against the surety by the brother as trustee. The statement of claim averred on belief that the husband died insolvent. The affidavit of defence did not deny the insolvency, but averred that the agreement had been made in pursuance of a separation between husband and wife, and that the duty to support terminated on the death of the husband. *Held,* that judgment was properly entered against defendant for want of a sufficient affidavit of defence.

Argued Nov. 4, 1892. Appeal, No. 201, Oct. T., 1892, by defendant, George I. Whitney, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1891, No. 285, for plaintiff, John A. Elmendorf, trustee of Elsie A. Barton, for want of sufficient affidavit of defence. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on contract of suretyship.

From the record it appeared that, on July 1, 1886, William B. Barton and John A. Elmendorf, as trustee, entered into a written agreement, as follows:

"Whereas, Mrs. Elsie A. Barton, wife of said William B. Barton, is now in a delicate and impaired state of health and requires careful attendance and nursing; and

" Whereas, said John A. Elmendorf, brother of said Mrs. Elsie A. Barton, has consented to act as trustee in the matter, and has or is about to obligate himself to provide such attendance and accommodations as are requisite for her care and maintenance, and in the first instance to advance and pay the necessary expenses thereof :

" Now, in consideration of the premises, the said William B. Barton hath agreed and doth hereby agree to pay to the said John A. Elmendorf, trustee, on or before the first day of each and every month of the twelve months of each and every year from and after the date of this obligation, during the natural life of said Mrs. Elsie A. Barton, the sum of fifty dollars in money, the same to be used and expended by the said John A. Elmendorf, trustee, according as he shall deem fit and expedient, but solely and exclusively for the support, use and advantage of the said Mrs. Elsie A. Barton."

Attached to the agreement was the following :

" In consideration of one dollar to me in hand paid, I do hereby guarantee the payment of the said several installments of money hereinabove contracted to be paid by the said William B. Barton to the said John A. Elmendorf, trustee, at the time and times when the same become due.

" Witness my hand and seal this first day of July, 1886.

                         " George I. Whitney."     [Seal.]

The statement averred on belief that John B. Barton died insolvent. The affidavit of defence set forth that the agreement was made " in pursuance of a separation between Wm. B. Barton and his wife," and " in pursuance of the legal duty of the said Wm. B. Barton to support and maintain his wife," and " that said duty of support terminated upon the death of said Wm. B. Barton," and upon his death said agreement became null and void. The affidavit of defence admitted an amount to be due up to the time of Wm. B. Barton's death.

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order for judgment.

*Edwin W. Smith, Knox & Reed* with him, for appellant, cited, Addison on Contracts, 14 ; Reigart v. White, 52 Pa. 438.

*David H. Martin,* for appellee, not heard, cited, Campbell v. Baker, 46 Pa. 245; Frechie v. Drinkhouse, 4 W. N. 299; Sitgreaves v. Griffith, 2 W. N. 705; Reigart v. White, 52 Pa. 438; Allen v. Hubert, 49 Pa. 260; Hohl v. Korn, 2 W. N. 277: Roberts v. Riddle, 79 Pa. 468; McBeth v. Newlin, 15 W. N. 129; Peck v. Jones, 70 Pa. 83; Erie v. Butler, 120 Pa. 374.

PER CURIAM, January 3, 1893:
Judgment affirmed.


## Williams et al. *v.* Smith, Appellant.

*Livery stable keeper's lien—Waiver—Conversion—Denial of title.*

Where a person having a lien on personal property denies the owner's title, he cannot subsequently set up the lien as a bar to the owner's recovery in an action of trespass for the wrongful conversion of the property. Denial of the owner's title is a waiver of the right to detain the property.

In an action of trespass for conversion of horses, where it appears that defendant had a lien for the keep of the horses, and several witnesses testified that defendant, when plaintiffs demanded the horses, refused to give possession on the ground that plaintiffs had no title to them, it is proper to submit the case to the jury, to determine on what ground defendant refused to surrender possession.

Argued Jan. 30, 1893.    Appeal, No. 103, July T., 1892, by defendant, James B. Smith, from judgment of C. P. Montgomery Co., Oct. T., 1891, No. 43, on verdict for plaintiffs, George C. Williams et al.    Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for conversion of two horses.

At the trial, before WEAND, J., it appeared that Matthias Bennett, a horse drover and dealer, brought a lot of horses to the borough of Jenkintown and stabled them at the hotel kept by defendant in the month of March, 1891.    The bargain between defendant and Bennett was that defendant should keep the horses at the rate of thirty cents per day each, Bennett to furnish the bedding.    Bennett sold all the horses but three, and later on the plaintiffs claimed that he had bought these three horses of Bennett and agreed with defendant that defendant should board them for him at the same price he charged Bennett.    Plaintiffs sold and removed one horse but